Christina L. Goebelsmann (SBN 273379)
Assistant United States Trustee
Mike Chow (SBN 330233)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Ave., Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3344
Facsimile: (415) 705-3379
E-mail: mike.chow@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>2004 LAGOON LLC,<br><br>               Debtor. | Case No: 24-41357 WJL<br><br>Chapter 11 (Subchapter V)<br><br>Date:   November 13, 2024<br>Time:  10:30 a.m.<br>Place:  Zoom or Telephonic |

**MOTION OF THE UNITED STATES TRUSTEE,
PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant To 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case* ("Motion"), seeking dismissal or conversion of the Chapter 11 bankruptcy case filed by 2004 Lagoon LLC ("Debtor").[1]

/ / /

---

[1] All references to "Section" and "§" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "B.L.R." refer to the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California.

## I. INTRODUCTION

1. "Cause" exists to dismiss or convert this case for three reasons. First, Debtor failed to provide documents reasonably requested by the United States Trustee, including deeds or titles for its two real property assets. Second, Debtor failed to comply with the Court's order setting a status conference for October 9, 2024 by not appearing at the status conference and failing to file a status conference report. Third, Debtor failed to satisfy reporting requirements of the Bankruptcy Code and B.L.R.s by failing to file the documents required by sections 1186 and 1187, failing to file a status conference report, and failing to file an application to appoint a responsible individual.

2. The Motion is based upon the entire record of this case and the following Memorandum of Points and Authorities, and the Declaration of United States Trustee Bankruptcy Auditor Joni Brun ("Brun Decl."). The United States Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Local Rules.

## II. SUMMARY OF THE BANKRUPTCY CASE

3. On September 4, 2024, Debtor commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code ("Petition"). ECF No. 1.

4. The Petition is signed by Debtor's Manager, Vi Tran. *Id.* at 4. Debtor is represented by Leeds Disston ("Debtor's Counsel"). *Id.* at 5.[2]

5. Debtor filed its required schedules and statements on September 15, 2024. *See* ECF Nos. 19–27.

6. Debtor's Schedule A/B reports two assets: (1) real property at 2004 W. Lagoon Rd., Pleasanton, CA 94566 valued at $2,445,300 ("Lagoon Property"); and (2) real property at 16181 Marcella St., San Leandro, CA 945778 ("Marcella Property"). ECF No. 21 at 6.

7. Debtor's Schedule D reports six secured claims: Adco Outdoor Advertising's $159,306 and $160,000 claims, both secured by the Marcella Property; Adco's $160,000 claim,

---

[2] However, to date, Debtor has not filed an application to employ Mr. Disston as its bankruptcy counsel under 11 U.S.C. § 327. *See* ECF Docket *generally*. The United States Trustee reserves the right to object to any such application if filed by Debtor.

Page -2-

Case: 24-41357    Doc# 32    Filed: 10/10/24    Entered: 10/10/24 11:30:33    Page 2 of 9

secured by the Marcella Property; HSBC Mortgage Corporation's $349,940 claim, secured by the Lagoon Property; Mr. Cooper's $1,959,109.43 claim, secured by the Lagoon Property; Ronald Nguyen's $400,000 claim, secured by the Marcella Property; and Roundpoint Mortgage Servicing LLC's $379,922.66 claim, secured by the Marcella Property. *See* ECF No. 22.

8. Debtor's Schedule E reports one unsecured claim of $0 held by Debtor's Counsel. *See* ECF No. 23.

9. On September 4, 2024, the court entered an order setting a status conference in this case for October 9, 2024 at 10:30 a.m., requiring Debtor and Debtor's Counsel to appear at the status conference, and requiring Debtor to file a status conference report at least 14 days prior to the status conference. ECF No. 7.

10. On September 5, 2024, the United States Trustee e-mailed Debtor's Counsel scheduling a telephonic initial debtor interview ("IDI") for September 24, 2024, and requesting that standard documentation be provided to the United States Trustee for the IDI by no later than September 17, 2024. Brun Decl. ¶ 5.

11. Debtor did not provide any documentation in connection with the IDI on or before September 17, 2024. *Id.* ¶ 6. Accordingly, on September 18, 2024, the United States Trustee sent Debtor's bankruptcy counsel a follow-up e-mail requesting an update on the status of the requested documentation. *Id.* On September 19, 2024, Debtor's Counsel provided some of the requested documentation. *Id.*

12. After the IDI, the United States Trustee e-mailed Debtor's Counsel on September 24, 2024 following up on the following outstanding document requests:

- Account statements for pre-petition bank accounts used to pay utilities and other expenses for the Lagoon and Marcella Properties;
- Proof of Debtor opening Debtor in Possession bank accounts;
- Debtor's 2023 state and federal tax returns;
- The title or deed for the Lagoon Property;
- The title or deed for the Marcella Property; and
- Documentation of Debtor's $400,000 debt to Ronald Nguyen.

Case: 24-41357    Doc# 32    Filed: 10/10/24    Entered: 10/10/24 11:30:33    Page 3 of 9

(collectively, "Outstanding Documents"). Brun Decl. ¶ 7. The United States Trustee requested that Debtor provide the Outstanding Documents by September 30, 2024. *Id.*

13. The United States Trustee followed up with Debtor's Counsel regarding the Outstanding Documents twice, on October 1 and 8, 2024. Brun Decl. ¶¶ 8–9. Debtor's Counsel did not respond to any of the United States Trustee's requests. *Id.* ¶ 10.

14. To date, the United States Trustee has not received any of the Outstanding Documents. *Id.* ¶ 11.

15. The Court held a status conference in this case on October 9, 2024. *See* ECF Docket. Debtor and Debtor's Counsel did not appear. *See id.*

**III.  STATEMENT OF JURISDICTION AND VENUE**

16. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

17. The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

18. The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014.

19. Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**IV.  MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4) to Convert or Dismiss This Bankruptcy Case**

20. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request
> . . . the court shall convert a case under this chapter to a case under
> chapter 7 or dismiss a case under this chapter, whichever is in the
> best interests of creditors and the estate, for cause unless the court
> determines that the appointment under section 1104(a) of a trustee
> or an examiner is in the best interests of creditors and the estate.

21. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to

reach the appropriate result." *In re Consolidated Pioneer Mortg. Entities,* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

22. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate. *Id.*

    **B.**     **Cause Exists under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H) Because Debtor Failed to Provide Information Reasonably Requested by the United States Trustee**

25. "Cause" to dismiss or convert a chapter 11 case is established under section 1112(b)(4)(H) when a debtor fails to provide information or attend meetings reasonably requested by the United States Trustee. *See* 11 U.S.C. § 1112(b)(4)(H); *see also Andover Covered Bridge, LLC*, 553 B.R. 162, 173–74 (B.A.P. 1st Cir. 2016) (affirming finding of cause to dismiss where debtor failed to provide requested information to the United States Trustee).

26. The United States Trustee requested that Debtor provide the Outstanding Documents on September 24, 2024, and to date Debtor has failed to provide the Outstanding Documents, despite multiple follow-ups by the Unites States Trustee. Brun Decl. ¶¶ 7–10.

27. Cause thus exists to dismiss or convert this case under section 1112(b)(4)(H). *See In re CA Fin. Sols.,* 2019 WL 2869566, at *9 (Bankr. D. Haw. July 1, 2019) (finding cause where debtor failed to provide documentation requested by the United States Trustee).

    **C.**     **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(E) Because Debtor Failed to Comply with the Court's Order Setting Status Conference**

28. Section 1112(b)(4)(E) provides that a case may be dismissed or converted due to the debtor's "failure to comply with an order of the court".

29. On September 4, 2024, the Court issued an order setting a status conference in this case for October 9, 2024, at 10:30 a.m. ECF No. 7. That order required Debtor and Debtor's Counsel to appear at the status conference, and to file a status conference report no later than 14 days before the status conference. *Id.*

30. Neither Debtor, nor Debtor's Counsel, appeared at the October 9, 2024 status conference. *See* ECF Docket. Debtor did not file a status conference statement in advance of the status conference. *See id.*

31. Cause thus exists to dismiss or convert this case under section 1112(b)(4)(E). *See In re Moore*, 2020 WL 2770432, at *3 (C.D. Cal. Mar. 2, 2020) (affirming dismissal for failure to comply with sanctions order and noting that failing to comply with a single order is sufficient for cause under § 1112(b)(4)(E)).

D. **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(F) Because Debtor Failed to File Items Required by the Bankruptcy Code and B.L.R.s**

32. Section 1112(b)(4)(F) provides that a case may be dismissed or converted due to the debtor's "unexcused failure to satisfy any filing or reporting requirement established by [title 11] or by any rule applicable to a case under [chapter 11]." 11 U.S.C. § 1112(b)(4)(F).

33. Sections 1116 and 1187 require that Debtor file either: (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (B) "a statement under penalty of perjury" that such documents have never been prepared or filed. To date, Debtor has not satisfied either requirement. *See* ECF Docket *generally*.

34. Section 1188(c) requires that Debtor file at least 14 days prior to the status conference "a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." Debtor filed no such report in advance of the October 9, 2024 status conference. *See* ECF Docket *generally*.

35. B.L.R. 4002-1 requires that all non-individual debtors file an application to appoint a natural person as the debtor's responsible individual. To date, Debtor has not filed such an application. *See* ECF Docket.

36. Accordingly, cause exists to dismiss or convert this case under section 1112(b)(4)(F). *See In re Menon*, 2018 WL 989503, at *2 (B.A.P. 9th Cir. Feb. 13, 2018) (dismissing case where the debtor failed to file required schedules and statements).

E. **Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

37. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *In re Sanders,* 2013 WL 1490971, at *7 (B.A.P. 9th Cir. Apr. 11, 2013). The only exception to conversion or dismissal would be if the Court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1); *In re Warren*, 2015 WL 3407244, at *4 (B.A.P. 9th Cir. May 28, 2015). Debtor bears the burden of proving unusual circumstances are present in the case that render conversion or dismissal is not in the best interest of creditors or the estate. *Sanders*, 2013 WL 1490971, at *7.

38. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A) and(b)(2)(B). Section 1112(b)(2) provides that parties seeking to avoid conversion or dismissal must show: (A) a reasonable likelihood that a plan will be confirmed within a reasonable timeframe; and (B) that the debtor's acts or omissions giving rise to conversion or dismissal, other than those under § 1112(b)(4)(A), have a reasonable justification and can be cured within a reasonable timeframe. 11 U.S.C. § 1112(b)(2). Importantly, Debtor must establish each statutory element set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

39. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

F. **Conversion Appears the Appropriate Remedy in this Case.**

40. In determining whether to convert a case from Chapter 11 to Chapter 7 or dismiss it, a bankruptcy court must consider the interests of all creditors. *In re Owens*, 552 F.3d 958, 961

(9th Cir. 2009). Courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

> (1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
>
> (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
>
> (3) Whether the debtor would simply file a further case upon dismissal.
>
> (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
>
> (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
>
> (6) Whether any remaining issues would be better resolved outside the bankruptcy forum.
>
> (7) Whether the estate consists of a "single asset."
>
> (8) Whether the debtor had engaged in misconduct and whether creditors need a chapter 7 case to protect their interests.
>
> (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.
>
> (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

See In re Rand, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

41. Here, conversion of the case is appropriate. Debtor values the Lagoon Property at $2,445,300, while total claims against the Lagoon Property are $2,309,049.43, meaning Debtor has $136,250.57 in non-exempt equity. See ECF No. 22. While Debtor scheduled only one unsecured claim – a $0 claim held by its bankruptcy counsel – total secured claims against the Marcella Property are $1,099,228.66, exceeding its estimated $780,000 value by $319,228.66. See id. Claims are only secured up to the value of their collateral, with any excess being unsecured. 11 U.S.C. § 506(a); In re Hardcastle, 2013 WL 5944042, at *5 (B.A.P. 9th Cir. Nov. 7, 2013) (citing Associates Comm. Corp. v. Rash, 520 U.S. 953, 961 (1997)). Accordingly, the undersecured

portions of claims against the Marcella Property could be paid from the proceeds of a trustee selling the Lagoon Property.

42. Therefore, the United States Trustee requests conversion of this case. However, the United States Trustee does not object to the Court dismissing this case, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors.

## V. CONCLUSION

**WHEREFORE**, the United States Trustee requests the Court to enter an order (a) granting the Motion; (b) converting this case to Chapter 7, or in the alternative, dismissing the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: October 10, 2024

                                        Respectfully Submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                        By: */s/ Mike Chow*
                                                 Mike Chow
                                                 Trial Attorney for the United States Trustee